Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington
July 27, 2022
RAVI SUBRAMANIAN, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

DANNI WALKER,

Defendant.

NO. CR22-105 LK

**INDICTMENT**

**COUNT 1-6**

**(Wire Fraud)**

The Grand Jury charges that:

**Background**

*The Paycheck Protection Program*

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck

Indictment - 1
*United States v. Walker*
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

2. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain a PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

3. Under the terms of the PPP, an applicant could only receive one initial loan ("First Draw PPP Loan"). An applicant that received a First Draw PPP Loan could subsequently apply for a second PPP loan ("Second Draw PPP Loan") provided the applicant met certain requirements, including but not limited to using the funds from the First Draw PPP Loan only for allowable expenses. An applicant could only receive one Second Draw PPP Loan.

4. PPP loan applications were processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own money, which the U.S. Small Business Administration ("SBA") guaranteed in its entirety. The lender transmitted to the SBA, in the course of processing the loan, data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees.

5. The business receiving the PPP loan proceeds was required to spend the funds on certain permissible expenses, such as payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these allowable expense items within

Indictment - 2
United States v. Walker
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a designated period of time and used a specified portion of the PPP loan proceeds on payroll expenses.

***The Defendant and Relevant Entities***

6. The defendant, DANNI WALKER, resided within the Western District of Washington during all relevant conduct described in this Indictment.

7. WALKER owned and controlled various corporate entities registered in Washington State, including TSD Global Inc. ("TSD Global") and ATS Traffic Control LLC ("ATS") (collectively, the "WALKER Entities").

8. TSD Global was a limited liability company that was registered with Washington State in or around October 2015. TSD Global was a traffic control company. At the time of registration, its principal place of business was listed as WALKER's residential address in Kent, Washington. WALKER was listed as its Chief Executive Officer.

   a. TSD Global was administratively dissolved on or about March 1, 2017. On or about March 31, 2017, WALKER filed documentation with Washington State to reinstate TSD.

   b. TSD Global was administratively dissolved on or about March 3, 2018. On or about March 23, 2018, WALKER filed documentation with Washington State to reinstate TSD.

   c. TSD Global was administratively dissolved on or about March 3, 2019. On or about March 19, 2019, WALKER filed documentation with Washington State to reinstate TSD.

   d. TSD Global was administratively dissolved on or about March 3, 2020. It has remained administratively dissolved since March 2020.

   e. From on or about January 1, 2019, through at least October 2021, TSD Global reported no employees or income to the Washington State Employment Security Department.

9. ATS was a limited liability company that was registered with Washington

Indictment - 3
*United States v. Walker*
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

State in or around July 2019 and operated under various trade names including but not limited to TSD Traffic Control. ATS was a traffic control company and successor to TSD Global. Its principal place of business was listed as Tukwila, Washington. Its mailing address was listed as WALKER's residential address in Seattle, Washington. WALKER was listed as one of its governors.

      a.    ATS was operational from approximately August 2019 until March 2020. From on or about April 2020 through at least October 2021, ATS reported no employees or income to the Washington State Employment Security Department.

**Relevant PPP Lenders**

10. Bank One was a financial institution headquartered in California whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank One participated as a PPP lender to small businesses.

11. Company One was a financial technology company headquartered in California. Company One participated in the PPP by, among other things, acting as a service provider between small businesses and certain lenders, including Bank Two and Bank Three. Small businesses seeking PPP loans could apply through Company One for PPP loans. Company One would review the loan applications. If a loan application received by Company One was approved for funding, a partner lender, such as Bank Two or Bank Three, disbursed the loan funds to the applicant.

12. Bank Two was a financial institution headquartered in Utah whose deposits were insured by the FDIC. Bank Two participated as a PPP lender to small businesses.

13. Bank Three was a financial institution headquartered in New Jersey whose deposits were insured by the FDIC. Bank Three participated as a PPP lender to small businesses.

14. Company Two was a real estate and small business lender headquartered in New York. Company Two participated as a PPP lender to small businesses.

15. Company Three was an independent finance provider headquartered in Nebraska. Company Three participated as a PPP lender to small businesses.

Indictment - 4
*United States v. Walker*
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**The Scheme**

16. Beginning at a time unknown but not later than in or about April 2020 and continuing through at least March 2021, in King County, within the Western District of Washington, and elsewhere, the defendant, DANNI WALKER, devised and intended to devise a scheme to defraud entities that participated in the PPP and the United States, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

17. It was part of the scheme and artifice to defraud that WALKER submitted at least ten false and misleading loan applications to various entities seeking to obtain funds related to the PPP on behalf of the WALKER Entities.

18. It was further part of the scheme and artifice to defraud that WALKER successfully obtained at least seven PPP loans on behalf of the WALKER Entities totaling at least $524,000.

19. It was further part of the scheme and artifice to defraud that WALKER submitted false and misleading information as part of the PPP loan applications, including but not limited to:

    a. Attaching fake Internal Revenue Service tax filings;

    b. Falsely certifying that TSD Global was in operation on February 15, 2020, and had at least one employee for whom it paid salaries and payroll taxes or paid independent contractors;

    c. Falsely certifying that ATS had not and would not receive more than one First Draw PPP Loan;

    d. Falsely certifying ATS had not and would not receive more than one Second Draw PPP Loan; and

    e. Falsely certifying that the PPP loan funds had been and would be used only for eligible purposes.

20. It was further part of the scheme and artifice to defraud that WALKER

Indictment - 5
United States v. Walker
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

fraudulently made TSD Traffic Control and ATS appear to be separate and distinct entities in her PPP loan applications by, among other things, using different names and EINs when it was one company, ATS, that operated under various trade names including but not limited to TSD Traffic Control.

21. It was further part of the scheme and artifice to defraud that WALKER spent a significant amount of the PPP funds on personal expenses that were not authorized under the terms of the PPP, including but not limited to the following:

    a. Over $90,000 in transfers to her personal CashApp account, which was used for various purposes including but not limited to investment in securities and virtual currency, and payments to other individuals;

    b. Over $40,000 on rent for her personal residence in Seattle;

    c. Over $35,000 used to purchase a Jaguar automobile for personal use; and

    d. Over $34,000 on a personal trip to New York City in the summer of 2020, which included at least $6,000 at Louis Vuitton, $5,900 at Chanel, and $2,700 at Bergdorf Goodman.

22. It was further part of the scheme and artifice to defraud that WALKER failed to use the required portion of PPP funds on payroll expenses.

**Interstate Wires**

23. On or about the dates identified below, in King County, within the Western District of Washington, and elsewhere, the defendant, DANNI WALKER, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

///
///

Indictment - 6
United States v. Walker
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Count | Approximate Date | Description |
|---|---|---|
| 1 | April 19, 2020 | Electronic transmission of fraudulent PPP loan application in the name of TSD Traffic Control from the Western District of Washington to Bank One's servers located outside the State of Washington. |
| 2 | May 31, 2020 | Electronic transmission of fraudulent PPP loan application in the name of ATS from the Western District of Washington to Company One's servers located outside the State of Washington. |
| 3 | July 14, 2020 | Electronic transmission of fraudulent PPP loan application in the name of TSD Global from the Western District of Washington to Company One's servers located outside the State of Washington. |
| 4 | March 16, 2021 | Electronic transmission of fraudulent PPP loan application in the name of ATS from the Western District of Washington to Company Two's servers located outside the State of Washington. |
| 5 | March 19, 2021 | Electronic transmission of fraudulent PPP loan application in the name of TSD Global from the Western District of Washington to Company Two's servers located outside the State of Washington. |
| 6 | March 24, 2021 | Electronic transmission of fraudulent PPP loan application in the name of ATS from the Western District of Washington to Company Three's servers located outside the State of Washington. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of any of the offenses alleged in Counts 1-6, the defendant, DANNI WALKER, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c), by way of Title 28, United States Code, Section 2461(c), any property that constitutes or is traceable to proceeds of the offense, including but not limited to a sum of money reflecting the proceeds the defendant obtained as a result of the offense.

Indictment - 7
*United States v. Walker*
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or,
  e. has been commingled with other property which cannot be divided without difficulty,

///

///

Indictment - 8
*United States v. Walker*
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it is the intent of the United States to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

DATED: 27 July 2022

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.*

_____
FOREPERSON

_____
NICHOLAS W. BROWN
United States Attorney

_____
THOMAS M. WOODS
Assistant United States Attorney

_____
SOK TEA JIANG
Assistant United States Attorney

_____
MIRIAM R. HINMAN
Assistant United States Attorney

Indictment - 9
*United States v. Walker*
USAO No. 2021R00718

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970