UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  v.<br><br>DANNI WALKER,<br><br>              Defendant. | CASE NO. 22-CR-00105-LK<br><br>ORDER CONTINUING TRIAL |

      This matter comes before the Court on Defendant Danni Walker's Unopposed Motion to Continue Trail and Pretrial Motion Dates, Dkt. No. 12, as well as her Speedy Trial Waiver, Dkt. No. 13. On July 27, 2022, a federal grand jury indicted Defendant on six counts of wire fraud related to her submission of allegedly false and misleading Paycheck Protection Program loan applications, a source of financial assistance provided by the Government through the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. *See* Dkt. No. 1. Defendant pleaded not guilty to all counts and is currently scheduled to be tried before a jury on September 26, 2022. Dkt. No. 7.

Defense counsel seeks to continue trial to April 10, 2023 "to allow sufficient time to conduct investigations, conduct legal research, review the discovery with Ms. Walker, prepare for pre-trial motions, and prepare for trial." Dkt. No. 12 at 1. Counsel observes that this case "involves at least ten allegedly misleading loan applications" and that discovery is accordingly "voluminous and will require a significant amount of time to read, analyze, and review[.]" *Id.* at 2. The Court agrees. Moreover, Defendant avers that she understands her rights under the Sixth Amendment and Speedy Trial Act, 18 U.S.C. § 3161, and "knowingly, voluntarily, and with advice of counsel waive[s her] right to a speedy trial and consent[s] to the continuation of trial . . . to a date up to and including May 10, 2023." Dkt. No. 13 at 1.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court also finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Defendant reasonable time to accomplish these tasks and prepare for trial.

For these reasons, the Court ORDERS that trial shall be continued from September 26, 2022 to April 10, 2023. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the original September 26, 2022 trial date to the new trial date is EXCLUDED when computing the time within which Defendant's trial must commence under the Speedy Trial Act. Pretrial motions are due no later than February 27, 2023.

Dated this 24th day of August, 2022.

ORDER CONTINUING TRIAL - 2

1

2

*[signature: Lauren King]*

Lauren King
United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER CONTINUING TRIAL - 3