UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>DANNI WALKER,<br><br>                    Defendant. | CASE NO. 2:22-cr-00105-LK<br><br>ORDER GRANTING MOTION TO SEAL EXHIBITS |

This matter comes before the Court on Defendant Danni Walker's motion to seal exhibits. Dkt. No. 46. Ms. Walker moves to seal Exhibits 3 and 4 to her sentencing memorandum, which contain "sensitive and confidential information." *Id.* at 1; *see also* Dkt. Nos. 48, 48-1. The Government did not file an opposition to the motion. For the reasons set forth, the Court grants Ms. Walker's motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of

access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Despite the public's right to access documents in criminal proceedings, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2002 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The exhibits that Ms. Walker seeks to seal contain her sensitive and confidential medical information. Dkt. No. 48 at 2–6; Dkt. No. 48-1 at 2–4. Protecting Ms. Walker's medical privacy serves as a compelling interest that would be harmed by public disclosure. *See, e.g.*, *Cont'l Med. Transp. LLC v. Health Care Serv. Corp.*, No. C20-0115-JCC, 2021 WL 2072524, at *4 (W.D. Wash. May 24, 2021) (sealing medical records); *Parson*, 2022 WL 558221, at *3 (finding compelling reasons to seal medical records to protect the defendant's privacy). There are no less restrictive means of protecting Ms. Walker's privacy.

The Court therefore GRANTS the motion to seal, Dkt. No. 46, and the exhibits, Dkt. Nos. 48, 48-1, may remain under seal.

Dated this 18th day of March, 2024.

*Lauren King*
Lauren King
United States District Judge