UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>DANNI WALKER,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cr-00105-LK<br><br>ORDER CORRECTING SENTENCE |

　　　This matter comes before the Court on the Government's motion to correct the Court's sentence of Defendant Danni Walker pursuant to Federal Rule of Criminal Procedure 35(a). Dkt. No. 60. The Government conferred with defense counsel and the United States Probation Office regarding the motion, and "[n]either has any objection to this proposed change to the Judgment[.]" *Id.* at 1–2. For the following reasons, the Court grants the Government's motion.

　　　On March 13, 2024, the Court sentenced Ms. Walker to time served with a three-year term of supervised release. Dkt. No. 57 at 2–3, 5. The Court included as a special condition of supervised release 208 days of intermittent confinement to be served on 52 consecutive weekends at the

ORDER CORRECTING SENTENCE - 1

Federal Detention Center in SeaTac, Washington ("FDC SeaTac"), beginning March 22, 2024. Dkt. No. 55; Dkt. No. 57 at 2, 5.

Federal Rule of Criminal Procedure 35(a) provides that the Court may, within 14 days after sentencing, "correct a sentence that resulted from arithmetical, technical, or other clear error." As the Government correctly observes, *see* Dkt. No. 60 at 2–3, while the Court "may order, as a further condition of supervised release . . . any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate," a condition of intermittent confinement "set forth in subsection 3563(b)(10) shall be imposed *only* for a violation of a condition of supervised release[.]" 18 U.S.C. § 3583(d)(3) (emphasis added). Because Ms. Walker has not violated any condition of her supervised release, the Government proposes that the Court amend its judgment to impose a sentence that permits intermittent confinement; specifically, a three-year sentence of probation with intermittent confinement as a special condition. Dkt. No. 60 at 3–4 ("Amending the Judgment to reflect the term of intermittent confinement [a]s a condition of a purely probationary sentence would give effect to the substantive terms of the Court's sentence" and "would not run afoul of the restricted use of intermittent confinement as a condition of supervision[.]"). Under 18 U.S.C. § 3561(a) and -(c)(1), Ms. Walker is eligible for "not less than one nor more than five years" of probation. And 18 U.S.C. § 3563(b)(10) expressly authorizes a discretionary condition to a sentence of probation requiring the defendant to "remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release."

The Court concurs with the Government that it committed clear error by sentencing Ms. Walker to time served with a special condition of intermittent confinement. *See* Fed. R. Crim. P. 35(a). Absent a violation of a condition of supervised release, which has not occurred here, such

special condition is foreclosed by 18 U.S.C. § 3583(d)(3). Moreover, Ms. Walker did not serve any time in custody on this charge. The Government stated as much in its sentencing memorandum, Dkt. No. 49 at 8, and Ms. Walker requested that the Court impose a sentence of probation in her own sentencing memorandum, Dkt. No. 47 at 1, 17. For the reasons discussed above and in the Government's motion, the Court finds that a sentence of probation is appropriate. The Court accordingly corrects its sentence to impose a three-year term of probation with the same mandatory, standard, and special conditions imposed in the Court's original sentence; provided, however, that the Court will alter the start date of Ms. Walker's intermittent confinement from March 22, 2024 to April 5, 2024 to provide the parties and the Bureau of Prisons sufficient time to address any logistical issues. Furthermore, because 18 U.S.C. § 3563(b)(10) permits intermittent confinement only "during the first year of the term of probation," and Ms. Walker's sentence began on March 13, 2024, the Court reduces the length of the intermittent confinement condition from 52 weeks to 49 weeks (196 total days), such that intermittent confinement will not extend beyond the first year of her sentence.

      This corrected sentence, which is substantively nearly the same as Ms. Walker's original sentence, is supported by the factors in 18 U.S.C. § 3553(a) for the same reasons the Court discussed at Ms. Walker's sentencing hearing. The Court finds that the special conditions, Dkt. No. 57 at 3–5, as modified, (1) are reasonably related to the nature and circumstances of the offense and Ms. Walker's history and characteristics; the need for the sentence imposed to afford adequate deterrence to continued criminal behavior; the need to protect the public from further crimes of Ms. Walker; and the need to provide Ms. Walker with needed substance abuse treatment and behavioral therapy in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for these purposes and are consistent with any pertinent policy statements issued by the Sentencing Commission. Furthermore, this overall sentence is sufficient

but not greater than necessary to carry out the objectives of sentencing while permitting Ms. Walker to continue on the path towards rehabilitation, under the circumstances present in this case.

The Court therefore ORDERS the following:

1. The Government's motion, Dkt. No. 60, is GRANTED.

2. Ms. Walker's sentence, Dkt. No. 57, is hereby CORRECTED to a three-year term of probation, with the same mandatory, standard, and special conditions imposed in the Court's original sentence except special condition 9, which shall be replaced with the following: "Beginning April 5, 2024, the defendant shall be subject to intermittent confinement for a period of 49 consecutive weekends (196 days) to be served at SeaTac Federal Detention Center as a special condition of probation. The defendant shall be required to report to the designated facility by 4:30 p.m. on Fridays and shall be confined until 7:00 a.m. on Mondays; this period of time shall constitute one weekend of credit."

3. The Clerk of Court is directed to enter a second amended judgment in accordance with this Order.

Dated this 20th day of March, 2024.

Lauren King
United States District Judge

ORDER CORRECTING SENTENCE - 4