

United States Probation and Pretrial Services
*Western District of Washington*

**Monique D. Neal**  **Brenda L. Amundson**
*Chief*  *Deputy Chief*

# MEMORANDUM

| | |
|---|---|
| Date: | June 5, 2025 |
| To: | The Honorable Lauren King, United States District Judge |
| From: | Ben Beetham<br>Senior United States Probation Officer |
| Subject: | Danni Walker<br>Case Number: 2:22-CR-00105-LK-1<br>**DEFENDANT'S REQUEST TO TRAVEL OUTSIDE THE UNITED STATES** |

**STATUS**:

On March 13, 2024, Danni Walker was sentenced by Your Honor to time served and 36 months of supervised release following her guilty plea to Wire Fraud, in violation of 18 U.S.C. §1343. In addition to the standard conditions of supervision, the following special conditions were imposed: 208 days of intermittent confinement; abstain from the use of alcohol; financial disclosure; disclose assets and liabilities provide business financial records for review; maintain a single checking account; no new credit; restitution; submit to search; and alcohol treatment. According to Title 18 U.S.C. §3583(e)(3), the maximum term of imprisonment that may be imposed upon revocation cannot exceed 2 years. Her term of probation commenced on March 13, 2024, in the Western District of Washington.

On March 13, 2024, an amended judgement was entered to clarify the terms of the intermittent confinement.

On March 20, 2024, a second amended judgment was entered to correct the sentence imposed by the Court. This judgment revised the intermittent confinement special condition to 49 consecutive weekends.

On March 26, 2024, the Court was informed the Federal Detention Center (FDC) at SeaTac did not have the staff or the space to facilitate intermittent confinement for Ms. Walker for the length of time imposed by the Court. The Court ordered the parties to confer and respond via briefs.

On April 3, 2024, after reviewing the briefs submitted by the parties, the Court modified the special conditions to remove intermittent confinement and add one year of home confinement and 80 hours of community service. Ms. Walker's intermittent confinement would take place at a residential reentry center in place of FDC SeaTac.

On April 26, 2024, Ms. Walker filed an emergency motion to allow a one-time pass for a religious wedding. The order was denied by Your Honor.

On April 29, 2024, a request for summons and modification of conditions was sent to the Court after Ms. Walker provided a urine sample that returned presumptively positive for alcohol, cocaine, and marijuana.

The Honorable Lauren King, United States District Judge  Page 2
RE: Danni Walker, 2:22-CR-00105-LK-1  June 5, 2025

On May 16, 2024, Ms. Walker appeared for a modification hearing. Your Honor modified the special conditions and ordered her to participate in drug treatment. Additionally, Your Honor replaced the special condition prohibiting Ms. Walker from consuming alcohol with a condition prohibiting her from utilizing alcohol and drugs and requiring her to submit to drug testing. An amended judgment was entered this date to include these additional special conditions.

On August 7, 2024, a request for modification of conditions was submitted to the Court requesting a change of location monitoring technology from radio frequency to active global positioning. Your Honor approved this modification.

On September 13, 2024, a violation report was submitted to the Court after Ms. Walker consumed cocaine and failed to report law enforcement contact. She was verbally reprimanded, and her treatment program requirements were increased. Your Honor endorsed those actions.

On January 8, 2025, a violation report and request for summons was submitted to the Court alleging violations of cocaine use, alcohol use, failing to participate in treatment, failing to make restitution payments, location monitoring violations, and failing to report for drug testing. The Court issued a summons on January 10, 2025.

On January 31, 2025, Ms. Walker made her initial appearance before The Honorable S. Kate Vaughan, United States Magistrate Judge, and denied all allegations. Ms. Walker remained at liberty pending an evidentiary hearing before Your Honor on February 26, 2025.

On February 18, 2025, a supplemental violation report was submitted to the Court alleging cocaine use, alcohol use, failing to report for drug testing, and location monitoring violations. The Court incorporated these violations into the previously issued petition.

On February 26, 2025, Ms. Walker appeared before Your Honor for a final probation revocation hearing and admitted to violations 1-13. The Court revoked Ms. Walker's term of probation and imposed a sentence of time served followed by a term of 36 months of supervised release with standard and special conditions, to include the condition requiring her to report to inpatient treatment at Royal Life Centers on the evening of February 26, 2025.

Ms. Walker's term of supervised release commenced on February 26, 2025.

On April 15, 2025, a violation petition and request for summons was authorized by Your Honor. The petition alleged Ms. Walker violated the terms of supervised release by using cocaine, using alcohol, failing to report for drug testing, and multiple violations of the location monitoring program.

On April 28, 2025, a supplemental violation petition was submitted alleging Ms. Walker violated the terms of supervised release by failing to participate in outpatient treatment, failing to provide financial documentation as requested, and failing to provide verification of community service. The allegations were incorporated into the previously filed petition.

Ms. Walker made her initial appearance on May 2, 2025, before The Honorable Michelle L. Peterson. Ms. Walker denied the allegations. The Court allowed her to remain at liberty under the current conditions of supervision, and an evidentiary hearing was scheduled.

On May 19, 2025, a second supplemental petition was submitted alleging Ms. Walker violated the terms of supervised release by consuming cocaine, consuming alcohol, and failing to report.

On June 3, 2025, Ms. Walker appeared before Your Honor for a final revocation hearing and admitted to violations 1-5,7-8, and 10-12. The Court revoked Ms. Walker's term of supervised release and imposed a sentence of 4 months of custody and 30 months of supervised release with standard and special conditions. Ms. Walker was permitted to self-report as directed by probation.

**ADJUSTMENT AND EVALUATION**:

The Court is acutely aware of Ms. Walker's poor adjustment to supervision. This request is within days of her term of supervised release being revoked and being sentenced to four months of custody for consuming cocaine, consuming alcohol, failing to report, failing to provide financial information as directed, and failing to abide by the location monitoring program.

I would like to support her spending time with family; however, there are no grounds to support this request given her repeated violations of her conditions of supervised release. Nor do I feel the optics are appropriate given the amount of restitution owed, her inability to refrain from alcohol use, and the negative affect the environment on a cruise will have on her ability to maintain sobriety. This travel request reflects a disconnect from her actions, accountability, and consequences. My position may differ following months of demonstrated efforts on her part.

**TRAVEL REQUEST:**

Ms. Walker is requesting to travel to Florida and the Bahamas for a three-day cruise from June 25 to July 1, 2025. I received the proposed itinerary on this date which includes her flight, hotel, and cruise confirmation. Ms. Walker advised this trip was gifted to her by her family and stated the purpose for the trip is a "Family-sponsored wellness trip."

According to the flight itinerary, it appears the flight was purchased on April 29, 2025, after a summons and a supplemental petition alleging violations was submitted to the Court.

I would note Ms. Walker's end date for the location monitoring program is June 25, 2025. If her travel request is approved, the Court would need to authorize her being removed from the location monitoring program on June 24, 2025.

**RECOMMENDATION**:

Given the defendant's overall poor adjustment to supervision and history of noncompliance, I respectfully recommend Ms. Walker's travel request be denied. Assistant United States Attorney Michelle Jensen concurs with this recommendation.

I swear under penalty of perjury that the foregoing is true and correct.

APPROVED:
Monique D. Neal
Chief United States Probation and Pretrial Services Officer

Executed on this 5th day of June, 2025.

BY:

---
Ben Beetham
Senior United States Probation Officer

---
Christina Lacy
Supervising United States Probation Officer

The Honorable Lauren King, United States District Judge  Page 4
RE: Danni Walker, 2:22-CR-00105-LK-1  June 5, 2025

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☐ Travel request is approved
☒ Travel request is not approved

*Lauren King*
Signature of Judicial Officer

June 5, 2025
Date